UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    *Plaintiff,*

                            CASE NO. 4:21-CR-20538-SDK-CI

*v.*

                            DISTRICT JUDGE SHALINA D. KUMAR

JAMARIEN J. CONLEY,         MAGISTRATE JUDGE CURTIS IVY, JR.
    *Defendant.*

_____/

**ORDER OF DETENTION PENDING BOND REVIEW HEARING
BASED ON DEFENDANT'S WAIVER**

Defendant appeared with counsel on April 28, 2022, for his initial appearance on an arrest warrant. The warrant was issued based on Defendant's failure to appear for Bond Review Hearing. Defense counsel stated that Defendant desired to reserve any argument for his release at an anticipated Bond Review Hearing before the District Judge.

The Court is satisfied that the Defendant has made a knowing waiver of the right to an immediate detention hearing. Therefore, **IT IS ORDERED** that Defendant is detained pending the Bond Review Hearing and is remanded to the custody of the U.S. Marshals Service until further order of this Court.

Although a defendant "may waive an immediate detention hearing, this waiver is not an absolute, final relinquishment of all rights under the Bail Reform Act." *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). Instead, "[w]hen a defendant who

has waived an immediate detention hearing later requests a hearing, one must be held within the procedural requirements." *Id.*

Therefore, if Defendant files a written request for a detention hearing, a detention hearing will be scheduled and held.[1]

Date: April 28, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

By s/ Kristen MacKay
Case Manager

---

[1] The court notes that since no hearing was held, the court has made no findings, adverse or otherwise, regarding any future request for an original detention hearing. If a future hearing is requested, Defendant need not satisfy the standards for reopening a detention hearing under § 3142(f) since there was no previous hearing to reopen.